UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RAYSHAN WATLEY,** | ) | **CASE NO. 4:12cv1589** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **DR. ESCOBAR, et al,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

*Pro se* plaintiff Rayshan Watley filed this action under 42 U.S.C. § 1983 against Ohio State Penitentiary (OSP) Physicians Escobar and Joshi, OSP Health Care Administrator Mary Lapushansky, and Deputy Warden Betty McDonough. In the complaint, plaintiff alleges he has not received adequate medical care for various injuries and ailments. He seeks an order from this Court requiring defendants to conduct additional testing and to pay monetary damages.

**I. Background**

Plaintiff asserts that defendants have been deliberately indifferent to his serious medical needs. He claims he has a shoulder injury which has been diagnosed through an MRI. He contends the physical therapist recommended he use a therapeutic band to do stretching exercises; however, Ms. Lapushansky refused to order the bands and explained the exercises could be done just as effectively with a towel. He indicates he complained to Dr. Escobar about continued pain in his shoulder and was told he would not receive treatment beyond what was currently being provided to him. He states Dr. Joshi indicated he would not provide plaintiff with additional or stronger pain medication.

Plaintiff states his right wrist was injured by corrections officers applying excessive force. He believes that he has a torn ligament or tendon, but this has not been diagnosed. Dr. Joshi told plaintiff he would not provide pain medication for his wrist.

Plaintiff also claims he injured his knee. Again, he believes he damaged his ACL[1] or MCL[2] He has had appointments with Dr. Joshi; however, the doctor refused to give him pain medication. He was told he could purchase it at the prison commissary. Plaintiff also contends he has pain in his groin area, but does not elaborate on the nature or extent of this ailment.

The attachments to the complaint shed some light on these allegations. In a grievance filed in 2011, plaintiff complained Dr. Escobar refused to provide an alternative treatment for his groin pain, which had been recommended by Dr. Eddy. He claimed Dr. Escobar ordered Ibuprofen, but it did not alleviate the pain. The Chief Medical Inspector noted in her response to his grievance dated January 24, 2012, that he had been seen by Dr. Escobar on October 21, 2011, November 2, 2011, November 4, 2011, November 28, 2011, and December 6, 2011, and the alternative plan was being followed. (ECF No. 1 at 8). She also noted he had been seen in the chronic care clinic for an enlarged prostate, gastric reflux, and chronic pain. (*Id.*). His most recent appointment at the chronic care clinic as of the date of the grievance was November 9, 2011. (*Id.*). In addition to Ibuprofen, he had been prescribed Neurontin and Naprosyn. He was also prescribed Prilosec, which is available over-the-counter and therefore must be purchased at the prison commissary. (*Id.*). He received two ultrasounds of his groin area and both were negative. He was seen in the infirmary on December 10, 2011, December 19, 2011, twice on

---

[1] Anterior Cruciate Ligament (ACL)

[2] Medial Collateral Ligament (MCL)

December 27, 2011, and January 5, 2012 complaining of chest pain, which was determined to be non-cardiac. (*Id*.). An EGD[3] was performed and no abnormalities were found. (*Id*.). Plaintiff's commissary purchases, which included chicken maruchan, hot and spicy, and chili Ramen noodles, and hot BBQ potato chips, were reviewed and noted as a contributing factor to his gastric reflux. He was seen at the clinic for shoulder pain on December 19, 2011. On January 5, 2012, plaintiff was seen at the clinic for right groin pain and left shoulder pain. He was told to decrease his exercise. He was seen for groin pain on January 19, 2012 and on January 20, 2012 for pain in his rib cage, which was also determined to be non-cardiac in origin. He was seen by a physician on November 4, 2011, November 15, 2011, November 18, 2011, November 22, 2011, November 28, 2011, December 16, 2011, December 23, 2011, January 7, 2012, and January 23, 2012. (*Id*.).

The Court notes plaintiff filed a similar case in the Northern District of Ohio in 2009 against Dr. Escobar and the medical staff at OSP. In that action, he also complained he was not receiving adequate medical care. *See Watley v. Escobar*, Case No. 4:09-CV-3003 (N.D. Ohio April 22, 2010) (Adams, J.). Grievances attached to that complaint show Watley received various medical treatments. He had surgery on his right shoulder in August 2008. X-rays of his right shoulder showed no degenerative changes and no atrophy. He also requested an MRI of the left shoulder and that request was denied. X-rays of the left shoulder showed no fractures or sublaxation and an MRI was determined to be unnecessary. The grievances further suggested plaintiff's wrist was examined thoroughly and showed no signs of injury. The Chief Inspector

---

[3] An Esophagogastroduodenoscopy (EGD) is a test to examine the lining of the esophagus. *See* http://nlm.nih.gov/medlineplus/ency/article/003888.htm (last visited Nov. 19, 2012).

noted he was seen at an orthopedic clinic 33 times since 1999, and had received numerous x-rays since 2002. The grievance suggested nothing more can be done to provide treatment.

## II. Standard of Review for 28 U.S.C. § 1915(g)

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the complaint. 28 U.S.C. § 1915(b); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (1997). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the United States Court of Appeals for the Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

4

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." For purposes of interpreting the statute, the Court considers whether plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562; *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts should focus solely on the facts alleged in the complaint when deciding whether a prisoner faces imminent danger).

### III. Analysis

In this case, the Court finds that plaintiff has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g). Specifically, plaintiff filed *Watley v. Mitchell*, Case No. 2:99-cv-1215 (S.D. Ohio Nov. 10, 1999) (Smith, J.); *Watley v. Goodman*, Case No. 1:01-cv-501 (S.D. Ohio July 24, 2001) (Beckwith, J.); *Watley v. Parks*, Case No. 1:01-CV-622 (S.D. Ohio Sept. 17, 2001) (Beckwith, J.); and *Watley v.Wilkinson*, Case No. 2:02-cv-479 (S.D. Ohio July 16, 2002) (Smith, J.), which were dismissed as frivolous. In addition, plaintiff has been denied *in forma pauperis* status pursuant to § 1915(g) in *Watley v. Northrup*, Case No. 1:06-CV-714 (S.D. Ohio Jan. 17, 2007) (Beckwith, J.); *Watley v. Collins*, Case No. 1:06-CV-794 (S.D. Ohio Nov. 28,

2006) (Spiegel, J.); *Watley v. Escobar*, Case No. 4:09-CV-3003 (N.D. Ohio April 22. 2010) (Adams, J.); and *Watley v. Wine*, Case No. 4:09 CV 3021 (N.D. Ohio July 14, 2010) (Adams, J.).

Because plaintiff has three strikes pursuant to 28 U.S.C. § 1915(g), the Court must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time of his complaint. To be considered imminent, the danger must be contemporaneous with the complaint's filing. *Vandiver*, 416 F. App'x at 562 (finding that "[b]ecause § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed."); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subjected to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception). Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule. *Thompson v. Sampson*, No. 1:10-cv-231, 2010 WL 1027897, at * 2-3 (W.D. Mich. Mar. 18, 2010). Similarly, a prisoner-plaintiff with three strikes falls outside the exception when he is no longer in danger at the initiation of proceedings in federal court. *Vandiver*, 416 F. App'x at 562.

In his complaint, plaintiff alleges he is not receiving the medical treatment he believes he should be receiving. He complains of pain in his shoulder, wrist, knee, groin, ribs, and chest. He is seen regularly in the chronic care clinic for an enlarged prostate, gastric reflux, and chronic pain. He has been prescribed Ibuprofen, Neurontin and Naprosyn. He was also

prescribed Prilosec, which is available over-the-counter and must be purchased at the prison commissary. He received x-rays, ultrasounds, and an EGD, all of which were negative. He has received physical therapy, but was told to substitute a towel for a stretching band. He disagrees with some of the diagnoses, objects to some of the treatment options provided, wants stronger pain medication, and is frustrated that the physicians at OSP have not cured all of his conditions. His medical records suggest he was seen in the clinic 18 times in a three month period.

Although plaintiff states repeatedly in a conclusory manner throughout the pleading that he is "under imminent danger of serious physical injury," there are no factual allegations in the complaint that suggest this is the case. The exception to § 1915(g) does not apply in this case.

### IV. Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED**.

Dated: November 20, 2012

HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.